**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW MAUDER, | : | Civil No. 1:22-CV-00447 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SGT. CREAMER, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**<u>MEMORANDUM</u>**

Before the court is a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants in the above captioned 42 U.S.C. § 1983 action.  (Doc. 13.)  Plaintiff Andrew Mauder ("Plaintiff") is an inmate currently housed at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), and is self-represented in this action.  Following his brief in opposition to Defendants' Rule 12(b)(6) motion, Plaintiff filed a motion to dismiss the Defendants' motion, alleging that he never received copies of Defendants' filings.  (Doc. 20.)  For the reasons discussed below, Plaintiff's motion to dismiss Defendants' Rule 12(b)(6) motion will be denied.  The court will address the pending Rule 12(b)(6) motion, and it will be denied.  However, in light of the court's duty to screen the complaint and Plaintiff's failure to allege any injury, the motion will be dismissed without prejudice pursuant to 28 U.S.C. §

1

1915(e)(2)(B)(ii), and Plaintiff will be given an opportunity to file a curative amended complaint.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this 42 U.S.C. § 1983 action by filing a complaint in March of 2022 against Defendants Sgt. Creamer ("Creamer") and C.O. Ruzicka ("Ruzicka"). (Doc. 1.)  In the complaint, Plaintiff alleges that on August 20, 2021, he was placed in the Restricted Housing Unit ("RHU") at SCI-Frackville following a fight. (*Id*., p. 1.)[1]  He states that Defendants told him he would be moving to cell 25 E block, B, wing, and he asked them who was currently in that cell.  (*Id*., pp. 1–2.)  Defendants told Plaintiff that the cell was currently occupied by inmate Dale Phillips.  (*Id*., p. 2.)  Plaintiff told Defendants that he was in the RHU for the charge of fighting with the other inmate, that that other inmate was Dale Phillips, and he could not be housed the same cell as Dale Phillips.  (*Id*.)  "The Defendants ignored his plea not to be moved into that cell, and proceeded to move him into that cell." (*Id*.)  Plaintiff alleges that he was in the cell for approximately 20 minutes before Defendants moved him again.  (*Id*.)  He alleges that he filed a grievance, which was granted in part and in denied in part, stating "[w]e acknowledge that you were moved into the cell with inmate Phillips, however, we are denying any compensation as it seems that you are attempting to receive

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

monetary compensation from the DOC." (*Id*.)  Plaintiff alleges that Defendants'
actions violated his Eighth Amendment rights by breaching their duty to protect
him and being deliberately indifferent to his safety.  (*Id*.)  He also bring claims of
gross negligence and intentional infliction of emotional distress under state law.
(*Id*.)

Defendants waived service in May of 2022, and filed a motion to dismiss the
complaint pursuant to Rule 12(b)(6) on June 6, 2022.  (Docs. 12, 13, 15.)  Plaintiff
failed to timely file a brief in opposition, and the court ordered him to file a
response or it would deem the motion as unopposed.  (Doc. 17.)  Plaintiff filed a
brief in opposition on July 11, 2022.  (Doc. 18.)  Defendants filed a reply on July
22, 2022.  (Doc. 19.)  On August 11, 2022, Plaintiff filed a motion to dismiss
Defendants' Rule 12(b)(6) motion for failing to serve Plaintiff a copy of the motion
or the brief in support.  (Docs. 20, 21.)  Defendants have not responded to
Plaintiff's motion.  Both Defendants' Rule 12(b)(6) motion and Plaintiff's motion
to dismiss Defendants' motion are ripe and will now be addressed by the court.

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. §
1331, which allows a district court to exercise subject matter jurisdiction in civil
cases arising under the Constitution, laws, or treaties of the United States.  Venue
is proper in this district because the alleged acts and omissions giving rise to the

claims occurred at SCI-Frackville, located in Schuylkill County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly

dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d

103, 106 (3d Cir. 2002).

**DISCUSSION**

### A. Plaintiff's Motion to Dismiss Defendants' Rule 12(b)(6) Motion Will Be Denied.

Plaintiff's motion to dismiss Defendants' Rule 12(b)(6) motion was filed a

month after he filed his brief in opposition.  (Docs. 18, 20.)  He alleges that he did

not receive Defendants' motion or brief in support.  (Doc. 21, p. 2.)  If Plaintiff did

not have Defendants' motion or brief in support, the appropriate time to notify the

court that he had not received the filings was when he received the court's order

directing a response.  Rather than alert the court to the fact that he had not received

Defendants' filings, he proceeded to file a brief in opposition.  (Doc. 18.)  By

doing so, he waived his opportunity to move for the dismissal of the motion for

lack of service.  Therefore, Plaintiff's motion will be denied.

Furthermore, Plaintiff is not prejudiced because the court is denying

Defendants' motion to dismiss and will be dismissing the complaint on grounds

not raised in Defendants' filings.  Despite the complaint being dismissed, Plaintiff

will have the opportunity to file an amended complaint.

### B. Defendants' Rule 12(b)(6) Motion Will Be Denied.

Defendants seek the dismissal of Plaintiff's complaint on four theories: (1)

that Plaintiff failed to exhaust his administrative remedies; (2) that Plaintiff failed

6

to meet the second element of an Eighth Amendment deliberate indifference claim;
(3) that Defendants had sovereign immunity from state law claims of negligence
and intentional infliction of emotional distress; and (4) Defendants are entitled to
qualified immunity.  (Doc. 15.)

### 1. Failure to Exhaust Administrative Remedy

Defendants' initial argument is that Plaintiff failed to exhaust his
administrative remedies.  However, since there is some question as to whether or
not Plaintiff received Defendants' filings, the court cannot determine that Plaintiff
received the proper notice required to consider evidence outside of pleadings and
will deny Defendants' motion to dismiss the complaint for a failure to exhaust his
administrative remedies.

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e et
seq., requires prisoners to exhaust available administrative remedies before suing
prison officials for alleged constitutional violations.  *See id.* § 1997e(a); *Ross v.
Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies
must be exhausted).  Proper exhaustion is mandatory, even if the inmate is seeking
relief—like monetary damages—that cannot be granted by the administrative
system.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  However, there are
situations in which a grievance procedure may be rendered "unavailable" to an
inmate, such as when a prison official thwarts an inmate's ability to use it, *Ross*,

578 U.S. at 643–44, when intimidation by means of "serious threats of retaliation and bodily harm" prevent an inmate from filing, *Rinaldi v. United* States, 904 F.3d 257, 266-67 (3rd Cir. 2018), or when a prison has "rendered its administrative remedies unavailable . . . when it failed to timely (by its own procedural rules) respond to [an inmate's] grievance and then repeatedly ignored his follow-up requests for a decision on his claim," *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016).

Plaintiff's complaint includes an assertion that he filed a grievance, which was granted in part and denied in part. (Doc. 1, p. 2.) Plaintiff's complaint does not allege that he appealed that grievance determination. The grievance itself is not attached. Defendants have attached the grievance to their motion and ask the court to consider it at this stage in the proceedings. (Docs, 1, 1-1.) The court can consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer*, 605 F.3d at 230. However, since Plaintiff has alleged he did not receive these documents, the court cannot find that these are undisputedly authentic documents. Furthermore, Federal Rule of Civil Procedure 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All

parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d).  Rule 56(c) requires that the parties have at least ten days' notice before the court may consider the motion for summary judgment, and the opportunity to submit pleadings, depositions, answers to interrogatories, admissions on file, and affidavits.  The Third Circuit has held that while "it would be desirable in the interest of clarity for an order to notify expressly the parties that the court was converting a motion to dismiss into one of 'summary judgment' or that the ruling would be pursuant to 'Rule 56,' the court need not be so explicit so long as the order otherwise fairly apprises the parties of the proposed conversion." *Rose v. Bartle*, 871 F.2d 331, 342 (3rd Cir. 1989).  Even motions under Rule 12 that are drafted as alternative motions for summary judgment under Rule 56 are sufficient to put the other parties on notice.  *Latham v. U.S.*, 306 Fed.App'x. 716, 718 (3rd Cir. 2009).

Here, Defendants did not file their motion as an alternative motion for summary judgment.  (Doc. 13.)   Additionally, there is some question regarding whether or not Plaintiff was on notice that Defendants intended to rely on materials outside the complaint.  Plaintiff alleges he never received Defendants' filings, Doc. 20, and his brief in opposition makes general assertions regarding cases that support his petition and does not specifically address the arguments raised in

Defendants' filings.  (Doc. 18.)  This, in combination with Defendants' argument being premised on evidence outside the complaint, leads the court to deny Defendants' request to dismiss the complaint for failing to exhaust administrative remedies.

### 2.  Eighth Amendment Claim

Defendants request that the court dismiss the complaint because they were not aware of an excessive risk of harm to Plaintiff.  (Doc. 15, pp. 13–20.)

"A prison official's 'deliberate indifference' to a substantial risk of harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Id*. at 833 (citations omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  *Id*. at 834.  Accordingly, to state a claim for damages against a prison official for failure to protect from inmate violence, "an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."  *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020).

As explained in *Beers-Capitol,* in Eighth Amendment cases based on allegations of deliberate indifference on the part of prison officials or other supervisory defendants, the Supreme Court has "rejected an objective test for deliberate indifference; instead it looked to what the prison official actually knew rather than what a reasonable official in his position would have known." *Id.* at 131.  Specifically, the Supreme Court "held that 'a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer,* 511 U.S. at 837).  This requirement of actual knowledge on the part of officials "means that 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837).

The Third Circuit has recognized that mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim. *See, e.g., Jones v. Beard,* 145 F. App'x 743 (3d Cir. 2005).  However, the Third Circuit has interpreted *Farmer* to mean that "a plaintiff could make out a deliberate indifference case by showing that prison officials simply were aware of a general risk to inmates in the plaintiff's situation[.]"  In order to show deliberate indifference in this fashion, a plaintiff needs to present evidence showing a

substantial basis for demonstrating that a prison official was deliberately

indifferent in the face of information that presented a substantial risk to inmate

safety for a particular inmate-plaintiff.  As the Supreme Court has observed in this

context: "If an Eighth Amendment plaintiff presents evidence showing that a

substantial risk of inmate attacks was *longstanding, pervasive, well-documented,*

*or expressly noted by prison officials in the past,* and the circumstances suggest

that the defendant-official being sued had been exposed to information concerning

the risk *and thus must have known about it,* then such evidence would permit a

trier of fact to find that the defendant-official had actual knowledge of the risk."

*Farmer,* 511 U.S. at 842–43 (emphasis added).

       In support of his Eighth Amendment claim, Plaintiff alleges that he was

placed in the RHU for fighting with another inmate and, that same day, Defendants

knowing placed him in the same cell as the inmate he had just fought.  (Doc. 1.)

Defendants allege that placing two inmates in the same cell after they had just

previously fought each other does not rise to the level of an excessive risk of harm.

(Doc. 15, p. 20.)  The court disagrees.  Defendants accurately cite to cases finding

that a general knowledge in the form of an inmate with a history of violence or the

presence of tension between two inmates is not sufficient to demonstrate an

inference that excessive risk is present.  (*Id.*, p. 16.)  However, Plaintiff's

complaint does not allege speculative danger of violence on the part of the two

inmates, but actual violence on the very same day as the two inmates were placed in the same cell together.  This is pervasive under *Farmer*.  For this reason, Defendants' reliance on the theory that a risk of violence was too speculative must fail, and their motion to dismiss the Eighth Amendment claims will be denied.

### a. Sovereign Immunity and Qualified Immunity

Next, Defendants assert that they have sovereign immunity from Plaintiff's claims of negligence and intentional infliction of emotional distress under state law and they are entitled to qualified immunity on the Eighth Amendment claim.  (Doc. 15, pp. 22–26.)

However, the court declines to address the affirmative defenses of immunity at this time because Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to allege any injury, which the court addresses below.  *See Williams v. Secretary. Pennsylvania Department of Corrections*, 848 F.3d 549, 557 (3d Cir. 2017) (In assessing whether qualified immunity is granted, the court must first determine that the plaintiff sufficiently alleged a right had been violated.)  Therefore, the court will proceed with denying Defendants' motion to dismiss, but dismissing the complaint, nonetheless.

### C. Plaintiff's Complaint Will Be Dismissed With Leave to Renew Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis*[2] case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson*, 293 F.3d at 109–10 & n.11.

Upon a detailed review of Plaintiff's complaint while addressing the pending motions, the court determines that the complaint fails to state a claim for which relief can be granted by failing to allege any injury on Plaintiff's part.  The complaint alleges no injury resulting from Defendants' alleged conduct.  (Doc. 1.)  A very liberal reading of the complaint could support an allegation of an emotional injury because Plaintiff brings claims of intention infliction of emotional distress under state law.  (Doc. 1.)  However, even this liberal reading of the complaint is not sufficient to state a claim for which relief can be granted under 42 U.S.C. § 1983.

The PLRA restricts a prisoner's ability to recover compensatory damages for solely mental and emotional injuries.  "No Federal civil action may be brought by a

---

[2] Plaintiff was granted *in forma pauperis* status on April 5, 2022.  (Doc. 6.)

prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Third Circuit Court of Appeals held that in order to satisfy § 1997e(e)'s physical injury requirement, a plaintiff must demonstrate a less than significant, but more than *de minimis* physical injury. *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). In *Mitchell*, the Third Circuit also found that § 1997e(e) did not apply to claims seeking injunctive or declaratory relief. *Id.*

Here, Plaintiff's complaint only seeks monetary damages and fails to allege any injury, physical or emotional, resulting from his placement in the same cell with the inmate he had fought that day. (Doc. 1.) The Third Circuit requires that an inmate plead some harm resulting from the deliberate indifference in the third prong: "the official's deliberate indifference caused him harm," i.e. causation. *See Bistrian*, 696 at 367. Here Plaintiff fails to plead any harm. Therefore, the claims raised under 42 U.S.C. § 1983 must be dismissed.

Likewise, Plaintiff's claims of negligence and intentional infliction of emotional distress must be dismissed because he failed to allege any injury, physical or emotional, in his complaint. To establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.

15

*See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)).  A claim for intentional infliction of emotional distress under Pennsylvania law requires four elements: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Bruffett v. Warner Commc'ns, Inc.*, 692 F.2d 910, 914 (3d Cir. 1982).  Here, Plaintiff has failed to allege any injury was caused by Defendants' actions in his complaint.  (Doc. 1.)  Therefore, these claims must also be dismissed.

### Conclusion

For the foregoing reasons, Plaintiff's motion to dismiss Defendants' Rule 12(b)(6) motion will be denied and Defendants' Rule 12(b)(6) will be denied.  However, the court will dismiss the complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Before dismissing a civil rights complaint, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.  Plaintiff will be granted leave to file an amended complaint, but he must clearly label the document as his second amended complaint and use the docket number assigned to this case.  Should Plaintiff fail to timely file an amended complaint within thirty days, the case will be closed.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  February 21, 2022