## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW MAUDER,                    :   Civil No. 1:22-CV-00447
                                  :
          Plaintiff,              :
                                  :
          v.                      :
                                  :
SGT. CREAMER, *et al.*,           :
                                  :
          Defendants.             :   Judge Jennifer P. Wilson

## MEMORANDUM

Before the court is Defendants' motion to dismiss Plaintiff's amended complaint.  (Doc. 26.)  Plaintiff Andrew Mauder ("Plaintiff") is an incarcerated individual currently housed at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville").  Because Plaintiff has failed to cure the defects identified in the court's previous order dismissing the original complaint, the court will grant Defendants' motion to dismiss the 42 U.S.C. § 1983 claims in the amended complaint for failing to state a claim under Fed. R. Civ. P. 12(b)(6), and to dismiss the state law tort claims in the amended complaint for failing to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), and close the case.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this 42 U.S.C. § 1983 action by filing a complaint in March of 2022 against Defendants Sgt. Creamer ("Creamer") and C.O. Ruzicka

("Ruzicka"). (Doc. 1.) In the complaint, Plaintiff alleged that on August 20, 2021, he was placed in the Restricted Housing Unit ("RHU") at SCI-Frackville following a fight. (*Id.*, p. 1.)[1] He stated that Defendants told him he would be moving to cell 25 E block, B wing, and he asked them who was currently in that cell. (*Id.*, pp. 1–2.) Defendants told Plaintiff that the cell was currently occupied by inmate Dale Phillips. (*Id.*, p. 2.) Plaintiff told Defendants that he was in the RHU for the charge of fighting with another inmate, that the other inmate was Dale Phillips, and he could not be housed the same cell as Dale Phillips. (*Id.*) "The Defendants ignored his plea not to be moved into that cell, and proceeded to move him into that cell." (*Id.*) Plaintiff alleged that he was in the cell for approximately 20 minutes before Defendants moved him again. (*Id.*) Plaintiff's complaint brought an Eighth Amendment claim, a state tort law gross negligence claim, and a state tort law intentional infliction of emotional distress claim. (*Id.*)

Defendants waived service in May of 2022 and filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) on June 6, 2022. (Docs. 12, 13, 15.) Plaintiff failed to timely file a brief in opposition, and the court ordered him to file a response or it would deem the motion as unopposed. (Doc. 17.) Plaintiff filed a brief in opposition on July 11, 2022. (Doc. 18.) Defendants filed a reply on July 22, 2022. (Doc. 19.) On August 11, 2022, Plaintiff filed a motion to dismiss

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Defendants' Rule 12(b)(6) motion for failing to serve Plaintiff a copy of the motion or the brief in support.  (Docs. 20, 21.)  On February 21, 2023, the court entered a memorandum and order that denied Plaintiff's motion to dismiss Defendants' motion to dismiss, granted Defendants' motion to dismiss, and dismissed the complaint without prejudice for failing to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  (Docs. 23, 24.)  Plaintiff was given the opportunity to file an amended complaint to cure the defects identified by the court.  (*Id*.)

The court received Plaintiff's amended complaint on March 7, 2023.  (Doc. 25.)  The amended complaint repeated the alleged facts set forth in the original complaint.  (*Id*., pp. 3–4.)  However, Plaintiff added that in the 20 minutes it took for him to be relocated to another cell, he "was threatened multiple times with bodily harm, and threatened with the loss of his life."  (*Id*., p. 4.)  Plaintiff did not identify who threatened him during these twenty minutes.  (*Id*.)  He also did not allege that any harm resulted from those threats, either physical or emotional.  (*Id*.)  The amended petition seeks compensation in the form of at least $250,000.00 and "an injunction barring the Defendants from violating the right of any inmate."  (*Id*., p. 7.)

Defendants filed a motion to dismiss for failure to state a claim and brief in support on March 18, 2023.  (Docs. 26, 27.)  Plaintiff never filed a brief in

opposition despite being supplied with a copy of the Local Rules in March of 2022, Doc. 2-3, and being reminded of the requirement that he respond to motions pursuant to Local Rule 7.5 in June of 2022, Doc. 16.  Since Plaintiff failed to file a brief in opposition, the court deems Defendants' motion to be unopposed.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Frackville, located in Schuylkill County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

DISCUSSION

### A. All Claims for Monetary Relief Under 42 U.S.C. § 1983 Will Be Dismissed with Prejudice.

The amended complaint alleges no physical injury resulting from Defendants' alleged misconduct. (Doc. 25.) A liberal reading of the complaint also fails to raise an allegation of an emotional injury because Plaintiff states only that "[i]n those 20 minutes [when he was housed with another inmate with whom he had a fight on a prior occasion], the Plaintiff was threatened multiple times with bodily harm, and threatened with the loss of his life." (*Id.*, p. 4.) However, Plaintiff pleads no facts regarding an emotional injury. Therefore, the amended

complaint fails to state a claim for which relief can be granted under 42 U.S.C. § 1983.

The PLRA restricts a prisoner's ability to recover compensatory damages for solely mental and emotional injuries. "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Third Circuit Court of Appeals held that in order to satisfy § 1997e(e)'s physical injury requirement, a plaintiff must demonstrate a less than significant, but more than *de minimis* physical injury. *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). In *Mitchell*, the Third Circuit also found that § 1997e(e) did not apply to claims seeking injunctive or declaratory relief. *Id.*

Here, Plaintiff's amended complaint seeks monetary damages and very general injunctive relief. (Doc. 25, p. 7.) Despite being instructed of the requirement to plead some physical injury resulting from the alleged misconduct of Defendants, Plaintiff again fails to allege any physical injury resulting from his placement in the same cell with the inmate he had fought earlier that day. (Doc. 25.) The Third Circuit requires that an inmate plead some harm resulting from the deliberate indifference in the third prong: "the official's deliberate indifference caused him harm." *See Bistrian*, 696 at 367. Here Plaintiff fails to plead any

harm.  Therefore, the claims raised under 42 U.S.C. § 1983 seeking monetary damages must be dismissed.

Since Plaintiff was informed of the requirement of a physical injury to recover monetary damages in the court's memorandum and order dismissing his initial complaint, Doc. 23, and he failed to cure this defect in his amended complaint, Doc. 25, the court determines that any further amendment to these claims would be futile.  Therefore, the Section 1983 claims for monetary relief will be dismissed with prejudice.

### B. All Claims for Injunctive Relief Under 42 U.S.C. § 1983 Will Be Dismissed with Prejudice.

While 42 U.S.C. § 1997e(e) precludes Plaintiff from recovering any monetary relief from the events of August 20, 2021, the court must now address whether or not Plaintiff's general request for injunctive relief will survive the dismissal motion.  Defendants assert that Plaintiff's request for injunctive relief does not save his 42 U.S.C. § 1983 claims because he "failed to establish that he suffered any irreparable injury."  (Doc. 27, p. 6.)

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy

8

in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Hardwick v. Senato*, Civil Action No. 15-326-RGA, 2020 WL 1506218, at *2 (D. Del. Mar. 30, 2020) (applying *eBay* in the prison context); *Williams v. Bradford*, Civil No. 10-5120 (JBS), 2011 WL 1871437, at *6 n.3 (D.N.J. May 13, 2011) (same).

To obtain a permanent injunction, such as Plaintiff is requesting here, "a moving party must show that it will suffer irreparable harm that is causally attributable to the challenged infringement." *TD Bank N.A. v. Hill*, 928 F.3d 259, 280 (3d. Cir. 2019).  Irreparable injury is established by showing that plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm").  Here, Plaintiff is requesting "an injunction barring the Defendants from violating the right of any inmate." (Doc. 25, p. 7.)  A redress for a violation of an inmate's rights is already provided for in the PLRA and Section 1983. Therefore, Plaintiff's amended complaint cannot demonstrate an irreparable injury. Defendants' motion to dismiss will be granted and the claims for injunctive relief under Section 1983 will also be dismissed.

Since Plaintiff has failed to state a claim under Section 1983 in his amended complaint for monetary damages despite the court granting him a "do-over," the court views any further opportunities for Plaintiff to bring such claims as futile. Therefore, the claims seeking injunctive relief will also be dismissed with prejudice.

### C. Plaintiff's State Law Tort Claims Will Be Dismissed with Prejudice Under 28 U.S.C. § 1915(e)(2)(B)(ii).

Defendants have failed to seek dismissal of Plaintiff's state tort law claims of negligence and intentional infliction of emotional distress outside of a footnote in furtherance of their injunctive relief argument. (Docs. 26, 27.) However, the court has authority to screen out such claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's claims of negligence and intentional infliction of emotional distress must be dismissed because he failed to allege any injury, physical or emotional, in his amended complaint. To establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)). A claim for intentional infliction of emotional distress under Pennsylvania law requires four elements: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or

reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Bruffett v. Warner Commc'ns, Inc.*, 692 F.2d 910, 914 (3d Cir. 1982).

Here, Plaintiff has made the general assertion that "[i]n those 20 minutes, the Plaintiff was threatened multiple times with bodily harm, and threatened with the loss of his life." (Doc. 25, p. 4.)  He does not claim that he suffered any actual injury, and he fails to allege that he suffered any emotional distress or fear for his wellbeing.  Being threatened does not automatically result in emotional distress, let alone severe emotional distress.  Therefore, these state tort claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff was made aware of the requirement to plead an actual injury in the court's order dismissing the initial complaint.  (Doc. 23, pp. 15–16.)  His failure to cure the defect in his amended complaint demonstrates that further amendments would be futile.  Therefore, these claims are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons Defendants' motion to dismiss the amended complaint pursuant Rule 12(b)(6) will be granted, and the claims under Section 1983 will be dismissed.  Despite not being addressed in detail in the motion to dismiss, the court will dismiss the state tort law claims for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

11

Before dismissing a civil rights complaint, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.  Here, the court has already dismissed Plaintiff's claims for failing to allege any actual injury.  (Docs. 23, 24.)  Despite this, the amended complaint still fails to adequately allege any injury.  Therefore, the court finds granting Plaintiff further leave to amend the complaint would be futile.  Therefore, the amended complaint will be dismissed with prejudice, and the case will be closed.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated:  October 2, 2023